# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Gary Mosher
147 Ironia Rd
Mendham NJ 07945
973 543-6003
Plaintiff Pro-Se

---

Mosher, Gary

                Plaintiff

   VS.

The State of New Jersey
&
Judge Deanne M. Wilson, Judge William
Hunt Dumont, Judge Dennis Cavanaugh,
Patriot Media

                Defendants

CIVIL ACTION No. 06 - 2526 (WJM)

**COMPLAINT**

---

## PARTIES

**Plaintiff:** Gary Mosher, 147 Ironia Rd, Mendham, NJ, 07945

**Defendant:** The State of New Jersey, Office of The Attorney General, P.O. Box 080, Trenton, NJ 08625-0080

**Defendant:** Judge William Hunt Dumont, Morris County Superior Court, Washington & Court Streets, Morristown, New Jersey, 07963-0910

**Defendant:** Judge Deanne M. Wilson, Morris County Superior Court, Washington & Court Streets, Morristown, New Jersey, 07963-0910

**Defendant:** Judge Dennis Cavanaugh, UNITED STATES DISTRICT COURT, Martin Luther King Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, P.O. Box 419, Newark, New Jersey 07101

**Defendant:** Patriot Media, 100 Randolph Rd., Somerset, NJ 08873

## JURISDICTION

The court's jurisdiction in this matter is predicated on its responsibilities cited in the Constitution of the United States as the issues raised relate to the State of New Jersey's capacity to satisfy its obligations under the United States Constitution.

## CAUSE OF ACTION

Over the course of a half-dozen years plaintiff has attempted to litigate various claims of civil-rights violations as a pro se plaintiff through various courts of jurisdiction within the New Jersey State judiciary system. Throughout the course of those years, of sincere and conscientious effort to achieve a lawful and accountable determination of justice, plaintiff claims he has not received any measure of "process" that satisfies what the Constitution of the United States requires.

If provided a fair opportunity, plaintiff will provide evidence, decisively demonstrating that the New Jersey court system is in fact plagued by a pervasive elitist and corrupting bigotry, and a gross disregard, for the United States Constitution, and "the rule of law" including their own rules of the court. The plaintiff will also provide conclusive evidence that the corruption and incompetence reaches all levels of the New Jersey Justice system and provides no realistic opportunity for self-correction or to make wrongs, right, within the system provided.

Put in simpler words, I claim that through out my encounters with the New Jersey courts system from Tax Court, to the Supreme Court of New Jersey, that I have not received one hour of honest, conscientious, or fair, "judicial judgment", and inturn my federal constitutional rights have been willfully violated by The State of New Jersey.

Regarding the named defendants:

It is plaintiff's claim New Jersey justices William Hunt Dumont, and Deanne M. Wilson, have so egregiously violated the statutory and constitutional rights of the plaintiff that some personal responsibility, accountability, and punishment must be imposed.

As for the claims against Federal District Judge DENNIS CAVANAUGH:

It is plaintiff's claim that his action (dismissal of docket No.06-0703 [DMC]) wasn't just inadvertent, foolish, or incompetent reversible error ....it was a malicious violation of the oath sworn to, and the contract made with the people of the United States, with God as witness. Judicial Immunity is not unlimited and when a judge willfully and maliciously abuses his power, with the weapon of an outrageous lie (the claim that plaintiff did not make an adequate request for relief) to in practical terms strip a citizen of the humanity provided by fundamental constitutional rights-- justice demands that criminal be punished.

The claims against Patriot Media:

As complicit and willful party to the destruction of my constitutional rights--my inability to "access" a local public "access" cable television channel, or its facilities-- I claim that Patriot Media is liable for that crime and responsible to provide compensation for the American Civil Rights denied and federal statutes violated. (USC 47 : 531)

Relevant Court Cases:
NJ Division of Taxation Docket Number 00180-2002
NJ Appeals Court Docket No. A-2515-02T3
NJ Superior Court docket No. MRS-L-2876-03
NJ Superior Court docket No. MRS-L-218-06
US Third Circuit CIVIL ACTION No. 06-0703 [DMC]
*Substantially all documentation relevant to these cases available at: www.NJinNJ.com*

## Grievances/claims unconstitutionally denied required fair redress/adjudication.

"CRUEL AND UNUSUAL" OR "EXCESSIVE" TAXATION;

The plaintiff's claim of "Excessive" taxation was not addressed in Judge Kuskin's decision. Neither the appeals court nor the State Supreme Court would address the accusation.

**De facto law written:** Any minority vice, can be taxed at any level, without any right to legally challenge the constitutionality of the persecution. Relevant amendments to the Constitution claiming otherwise are abolished.

SALES TAX NON-EXEMPTION;

The plaintiff's claim of discriminatory minority tax exploitation was not addressed in Judge Kuskin's decision. Neither the appeals court nor the State Supreme Court would address the accusation. The Judge provided NO substantive defense of his decision rejecting my claims of 14th Amendment equal protection violations.

**De facto law written:** Any minority vice can be taxed unfairly (unevenly) without any right to legally challenge the constitutionality of the persecution. Relevant amendments to the Constitution claiming otherwise are abolished.

STATE TAX COLLECTION PROCEDURES;

The plaintiff's claim of civil-rights violations committed by the Division of taxation through its woefully inadequate tax collection procedures was not addressed in Judge Kuskin's decision. Neither the appeals court nor the State Supreme Court would address the accusation. Judge Kuskin slandered plaintiff's claims and provided them no fair, required, or deserved consideration in his decision.

**De facto law written:** Government agencies have immunity from public imposed accountability. The relevant amendments to the Constitution claiming a right to have grievances redressed are abolished.

"SEIZURE" OF PURCHASE INFORMATION;

The plaintiff's claim questioning the constitutionality of the Jenkins Act, as covertly used by the state of New Jersey was not addressed in Judge Kuskin's decision--as no constitutional test consistent with the claims was applied by Judge Kuskin.

**De facto law written:** There are no constitutional protections securing privacy or guaranteeing equal application of law.

THREAT BARGAINING;

The plaintiff's claim that it was a blatant violation of Constitutional rights to threaten litigants out of court, with illegal tax amnesty provisions that imposed a risk of added penalty, was not addressed in Judge Kuskin's decision.

**De facto law written:** Government isn't only allowed to plea-bargain it is allowed to threat-bargain. The very core of Constitutional Justice is destroyed.

UNCONSTITUTIONALITY OF THE OPEN PUBLIC RECORDS ACT;

The plaintiff claims that the OPRA is unconstitutionally vague legislation. The court refuses to consider the argument under reasonable court procedures.... and does in fact prejudge and slander the argument.

**De facto law written:** Once passed, legislation has immunity from public imposed accountability. The relevant amendments to the Constitution claiming a right to have grievances redressed is abolished.

CIVIL CLAIMS AGAINST MENDHAM BOROUGH STILL (YEARS) WAITING A FAIR RIGHT TO BE PROSECUTED;

- Theft of services (conversion).
- Violation of First Amendment rights of free speech and the press.
- Violation of Constitutional rights mandating equal treatment/rights.
- Violation of federal and state statutes protecting vulnerable classes from discrimination and mandating a level of accommodation. (ADA, NJLAD)

**Due process violations by the court** -- patently inappropriate dismissal (reversed) through summary judgment, patently inappropriate refusal to allow appropriate amendment of complaint, patently inappropriate dismissal motion, and denial of a jury trial.

**De facto law written:** The right to civil prosecution has no meaning in practical reality. Governments may violate civil/constitutional rights with immunity from realistic accountability. The relevant amendments to the Constitution claiming otherwise are abolished.

CIVIL CLAIMS AGAINST MENDHAM TOWNSHIP DENIED ANYTHING APPROACHING FAIR ADJUDICATION;

Plaintiff claims:

- Denied equal, fair, and legally protected access to public records.
- Charged preposterously excessive fees to DELIBERATELY obstruct access to public records with the willful intent to compromise First Amendment liberty.
- Denied a right-- protected by federal statutes and the U.S. Constitution-- to "access" a "public access channel".

- Had a legal and appropriate ADA request for accommodation plainly ignored. Clear and willfully deliberate discrimination with the mitigating malice of contempt for the "rule of law" design to protect against such violations.

**Due process violations by the court** -- Patently inappropriate dismissal of the complaint without requiring a filed answer, or fair opportunity for discovery, and in clear violation of the court rules. Justice is willfully and deliberately obstructed/denied by the court.

**De facto law written:** The right to civil prosecution has no meaning in practical reality. Governments may violate civil/constitutional rights with immunity from realistic accountability. The U.S. Constitution has no judicial protector and therefore has no meaningful reality.

## DEMAND

1) Plaintiff respectfully demands, that the court recognize the vital importance, to the health of our democracy, and to the rule of law, of their existing judicial redress that has integrity...and order the level of accountability necessary to provide for that integrity. In this case, circumstances demand independent investigation of the New Jersey state judiciary by the proper federal authority.

2) Plaintiff respectfully demands, that the court order that the legitimate constitutional issues, and related plaintive claims, denied a just hearing in the New Jersey Courts be provided a fair opportunity for fair resolution within the federal system without imposing further expense, or unnecessary aggravation upon the plaintiff.

3) Plaintive respectfully demands, the award of appropriate compensatory and punitive damages against The State of New Jersey and against the persons named in the complaint for justice maliciously denied, and constitutional rights maliciously violated. .

Date: June 1, 2006
Original: Clerk's Office
(9 copies) Clerk's Office
cc: None

Gary Mosher
147 Ironia Rd
Mendham NJ 07945
[973 543-6003]
Plaintiff Pro-Se