<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MOSHER,<br><br>                    Plaintiff,<br><br>       v.<br><br>THE STATE OF NEW JERSEY, et. al.,<br><br>                    Defendants. | CIVIL NO. 06-2526 (SRC)<br><br>**ORDER AND OPINION** |

**<u>CHESLER, District Judge</u>**

Plaintiff, Gary Mosher ("Mosher" or "Plaintiff"), has sued the State of New Jersey, a number of judges, and Patriot Media, alleging that the Defendants have violated his constitutional right to due process.  This matter comes before the Court on Defendant Honorable Dennis M. Cavanaugh's ("Judge Cavanaugh") motion for summary judgment [docketed as "motion to dismiss complaint," #4] and Plaintiff's opposition to this motion [docket #7].  Defendant Judge Cavanaugh declined to file a reply [docket #8].

The present matter stems from an earlier lawsuit filed by Plaintiff in federal district court against the State of New Jersey and New Jersey Superior Court Judge William Hunt Dumont in which Plaintiff alleged various violations of his constitutional right to due process.  *See Mosher v. State of N.J.*, Civil Action No. 06-703 (filed Feb. 15, 2006 D.N.J.).  Judge Cavanaugh presided over that matter, and on March 24, 2006 issued an order dismissing the suit for failure to state a claim for relief.

Plaintiff filed the current complaint on June 5, 2006 [docket #1]. In this complaint, Plaintiff again alleges various violations of his constitutional right to due process. Specifically, he alleges that Judge Cavanaugh's dismissal of his earlier lawsuit "was a malicious violation of the oath sworn to... and strip[ped] [plaintiff] of the humanity provided by fundamental constitutional rights." Complaint, at 2. On August 11, 2006 Judge Cavanaugh moved for summary judgment on the basis of judicial immunity from suit.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, Plaintiff's allegations indicate that Judge Cavanaugh is being sued solely for actions undertaken in an official capacity in connection with Plaintiff's earlier lawsuit. It is well established that United States District Judges who commit judicial acts are immune from suit stemming from those acts unless the acts were taken in complete absence of all subject matter jurisdiction. *See, e.g. Forrester v. White*, 484 U.S. 219 (1988); *Figueroa v. Blackman*, 208 F.3d 435, 443 (3d Cir. 2000). Clearly, the acts for which he is being sued– issuing orders and decisions as a judicial officer in an earlier litigation involving the plaintiff– are the epitome of acts which are judicial in nature. Moreover, there is no indication that he lacked jurisdiction to undertake those actions, as the earlier proceeding was a federal case involving issues of federal law, and no party to the earlier proceeding objected on the basis of lack of jurisdiction.

Because Judge Cavanaugh is absolutely judicially immune from suit in this case, he is entitled to summary judgment as a matter of law and dismissal of all claims against him.

**IT IS THEREFORE** on this 29th day of September, 2006, hereby

**ORDERED AND DECREED** that the motion of Defendant Honorable Dennis M. Cavanaugh for summary judgment on the claims against him in this matter on the ground that he is absolutely immune from suit is hereby granted, and it is

**FURTHER ORDERED** that the Complaint is this matter against Defendant Dennis M. Cavanaugh is hereby dismissed.

/s/<br>
Stanley R. Chesler, U.S.D.J.