**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GARY MOSHER,                        :
                                    :
        Plaintiff,                  :    Civil Action No. 06-2526 (SRC)
                                    :
            v.                      :
                                    :    **OPINION**
THE STATE OF NEW JERSEY, et al,     :
                                    :
        Defendants.                 :
_____:

**CHESLER, U.S.D.J.**

**THIS MATTER** comes before the Court on four motions. Defendants the State of New Jersey, Judge Deanne M. Wilson, Judge William Hunt Dumont ("State Defendants"), and Defendant Patriot Media & Communications CNJ, LLC ("Patriot Media") each filed motions to dismiss [docket #16, 24]. Plaintiff, Gary Mosher ("Plaintiff"), filed briefs in opposition to each of these motions [docket #17, 27]. In addition, Plaintiff has filed two motions for leave to amend the complaint [docket #22, 29]. Patriot Media filed oppositions to both motions to amend [docket #23, 28]. The Court, having considered the papers submitted, for the reasons set forth below, and for good cause shown, **GRANTS** the motions to dismiss of the State Defendants and Patriot Media and **DENIES** the motions for leave to amend of Plaintiff.

**I.     Motions to Dismiss of The State Defendants And Patriot Media**

The State Defendants and Patriot Media have moved to dismiss all of Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6).

A.     Standard for Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519 (1972).  Here, because Plaintiff is pro se, this court construes his pleadings liberally.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).

B.  The State Defendants

Plaintiff's claims against the State Defendants stem from the dismissal of two of Plaintiff's previous New Jersey lawsuits by Judges Dumont and Wilson. (Compl. at 2.) In those lawsuits, Plaintiff alleged that the New Jersey cigarette tax, a 1950 law monitoring credit card purchases, and a New Jersey tax amnesty program were all unconstitutional. (Sked Cert. Exhibit A at 1-5 (Excerpts from Plaintiff's website, http:www.inmendham.com/ NJ/cases.html, listing and describing the various cases filed by Plaintiff and their outcome).) Plaintiff claims that the Judges' adjudication and dismissal of these complaints resulted in the denial of his constitutional rights. The Court construes Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 ("Section 1983"). The State Defendants have moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that the Eleventh Amendment to the United States Constitution provides sovereign immunity to the State of New Jersey and Judges Dumont and Wilson as state agents. Alternatively, the State Defendants argue that Plaintiff's claims against Judges Dumont and Wilson are barred by judicial immunity.

  1. Plaintiff's Claims Against The State Defendants Are Barred By The Eleventh Amendment.

Plaintiff's claims against the State Defendants must be dismissed because the Eleventh Amendment of the United States Constitution provides these Defendants with sovereign immunity. The Eleventh Amendment to the United States Constitution states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

3

another State, or by Citizens or Subjects of any Foreign State." Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669 (1999) (citing U.S. CONST. amend. XI).  As such, "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citing Employees v. Mo. Pub. Health & Welfare Dep't, 411 U.S. 279, 280 (1973)).  This immunity includes Section 1983 suits against the State and its officials. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

The immunity provided by the Eleventh Amendment may be waived by a State consenting to suit in federal court. Id. at 670.  However, the Supreme Court has consistently held that this waiver must be clearly expressed. See, e.g., Pennhurst State Sch. & Hosp., 465 U.S. at 104.  Here, there has been no such waiver. Johnson v. New Jersey, 869 F. Supp. 289, 298 (D.N.J. 2001) (New Jersey has not waived sovereign immunity with regard to suits brought in federal court against its court system or the officials thereof); Ritchie v. Cahill, 286 F.Supp. 1207, 1210 (New Jersey has not waived sovereign immunity for Section 1983 claims).

Because there has been no waiver of sovereign immunity by the State of New Jersey, Plaintiff's Section 1983 claim against the State must be dismissed with prejudice.  Further, state courts acting on behalf of the state are entitled to share in the state's sovereign immunity. Johnson, 869 F. Supp. at 296 (citing Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103 (9th Cir. 1987)).  Superior Court Judges Wilson and Dumont, sued for actions taken in their official capacity, may "cloak"

4

themselves in the state's sovereign immunity under the Eleventh Amendment. Johnson, 869 F. Supp. at 298. Therefore, all of Plaintiff's constitutional claims against Judges Dumont and Wilson are dismissed with prejudice as well.

        2.        Alternatively, Plaintiff's Claims Against Judges Dumont and Wilson Are Barred By Judicial Immunity.

In any event, it is well established that judges are protected by immunity from a suit for damages for actions taken in their official capacity. Mireles v. Waco, 502 U.S. 9 (1991). Although occasional injustice and unfairness may occur, to ensure the "proper administration of justice . . . a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. at 10. However, judges are not immune for actions taken outside of their official capacity. Id. at 12. "Whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Id. This standard applies to both injunctive relief and damages.[1]

Plaintiff sued Judges Dumont and Wilson for granting motions which dismissed his state court lawsuits. (Sked Cert. Exhibit A at 1-5.) These actions are the epitome of actions normally performed by a judicial officer. See, e.g., El-Tayeb v. Thompson, No.

---

[1]Providing an exception to judicial immunity, The Federal Courts Improvement Act ("FCIA") states that injunctive relief may be granted against a judicial officer for acts performed in the officer's judicial capacity only where there has been a violation of a declaratory decree or where declaratory relief is unavailable. Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 1996. Here, there has been no violation of a declaratory decree or denial of availability of declaratory relief. As such, Plaintiff's injunctive claims are barred by judicial immunity, notwithstanding the FCIA. Reilly v. Weiss, No. 97-CV-0588, 1998 WL 1110695, at *1 (D.N.J. June 15, 1998) (holding that in a Section 1983 action against Superior Court judges that absolute judicial immunity under FCIA barred any injunctive relief where plaintiff failed to allege that the judges violated a declaratory decree or that declaratory relief was unavailable).

04-2031, 2006 WL 104489, at *4 (D.N.J. Apr. 19, 2006).  (Judge Thompson's decision to grant Defendant's motion for summary judgment, deny Plaintiff's motions and preclude him from filing any other papers without the Court's permission are also the types of decisions that judges must make all the time).  Therefore, judicial immunity applies the constitutional claims against Judges Dumont and Wilson must be dismissed with prejudice.

    C.    Patriot Media

Plaintiff has alleged that, by denying him access to a public access channel, Patriot Media violated 47 U.S.C. § 531 of the Cable Act ("Section 531").  (Compl. at 2.)  Plaintiff has also alleged that Patriot Media has denied his "American Civil Rights," id., which the court construes this as a claim under Section 1983.

        1.    Section 531 Claim

Section 531 addresses the designation and regulation of certain cable channels for public, educational, or governmental use.  47 U.S.C. § 531 (2000).  Subsection (e) regulates the actions of cable operators, stating:  "[A] cable operator shall not exercise any editorial control over any public, educational or governmental use of the channel capacity provided pursuant to this section."  Id.  Plaintiff's allegations against Patriot Media lack specificity, but appear to be alleging violations of this subsection.  Defendant Patriot Media argues that Plaintiff's claims must be dismissed because Section 531(e) does not provide a private right of action.

In determining whether a private right of action exists, the court must look first to the text of a statute.  Am. Teleph. and Telegr. Comp. v. M/V Cape Fear, 967 F.2d 864,

866 (3d Cir. 1992). The language of Section 531(e) does not provide an express private right of action, and so the court must consider whether it provides for an implied right of action. See Leach v. Mediacom, 240 F.Supp. 2d 994, 997 (S.D. Iowa 2003), aff'd, 373 F.3d 895 (2003); Alexander v. Sandoval, 532 U.S. 275 (2001). Where, as here, the statute does not expressly provide a private right of action, the presumption is that Congress did not intend to create one. Olmsted v. Pruco Life Ins. Co. of N.J., 283 F.3d 429, 432 (2d Cir. 2002).

Further, Section 531(e) lacks "rights creating" language, which would "explicitly confer a right directly on a class of persons that includes the plaintiff in the case." Leach, 240 F.Supp. 2d at 997 (citing Cannon v. Univ. of Chicago, 441 U.S. 677 (1979)). Section 531 confers rights not to the creators of public access programs, but instead designates the prohibited acts of cable operators. Sandoval, 532 U.S. at 289 ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons"). By expressly providing one method of enforcing a substantive rule, it can be inferred that Congress meant to preclude others. Leach, 240 F.Supp. 2d at 998 (concluding that Congress' express method of enforcement in Section 531(c) precludes finding of congressional intent to create a private right of action under 531(e)). Finally, under Section 532 of The Cable Act, Congress expressly provided a private right of action relating to disputes over programming on leased channels. Contrasting Section 532 with Section 531(e), it is clear that "when Congress wishe[s] to provide a private damage remedy, it knows how to do so". Leach, 240 F.Supp. 2d at 999 (citing Touche Ross & Co. v. Readington, 442

U.S. 560, 572 (1979)).

The above factors compel the conclusion that Congress did not intend to provide a private right of action under Section 531(e). As such, Plaintiff lacks standing to sue under Section 531(e), and all Section 531(e) claims against Patriot Media will be dismissed with prejudice.

  2. Section 1983 Claim

Section 1983 confers a private right of action for damages and injunctive relief against state actors who deprive any citizen or person within the jurisdiction of the United States of "rights, privileges or immunities secured by the Constitution and laws." See, e.g., Monroe v. Paper, 365 U.S. 167 (1961). Here, Plaintiff has not plead any facts alleging that Patriot Media is a state actor. Nor could Plaintiff plead such facts, as a cable operator is not a state actor under Section 1983. See Morone v. CSC Holdings Corp., 363 F.Supp. 2d 552, 558 (2005); Glendora v. Hostetter, 916 F.Supp. 1339 (S.D.N.Y. 1996) (holding that a cable operator is not a state actor acting under the color of law). Therefore, because Patriot Media is not a state actor, Plaintiff's Section 1983 claims will be dismissed with prejudice.

  D. **All Other Conceivable Claims Presented By Plaintiff Must Be Dismissed Because Plaintiff Fails to Satisfy Federal Rules of Civil Procedure 8 and 20.**

Due to the convoluted nature of Plaintiff's pleading, it is possible that Plaintiff was attempting to allege other claims against the State Defendants[2] and Patriot Media. However, these claims, whatever they may be, are dismissed without prejudice because

---

[2] It is also possible that other claims asserted against the State Defendants would be barred by the Eleventh Amendment or judicial immunity. However, because of the sparse nature of Plaintiff's pleading, that determination cannot be made at the present time.

Plaintiff's pleading of these claims fails to satisfy the standards of either Federal Rule of Civil Procedure Rule 8 or 20.

Rule 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds for which the court's jurisdiction depends, (2) the claim showing the pleader's entitlement of relief, (3) a demand for judgement for the relief sought by the pleader. FED. R. CIV. P. 8(a). The complaint must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intel. and Coord. Unit, 507 U.S. 163, 168 (1993). A "complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." Purveegiin v. York County Prison, No. 3:CV-06-0524 2007 U.S. Dist. LEXIS 6409, at *7 (M.D. Pa. Jan. 30, 2007); see also Duncan v. AT&T Comm., Inc., 668 F.Supp. 232, 234 (S.D.N.Y 1987). Plaintiff is proceeding pro se, and therefore, his pleadings will be read liberally. Haines v. Kerner, 404 U.S. 519 (1972). However, this does excuse Plaintiff from complying with the Federal Rules of Civil Procedure. Purveegiin, U.S. Dist. LEXIS 6409, at *7 .

Plaintiff's complaint merely states legal allegations without providing defendants with proper notice to respond. This does not satisfy the mandate of Rule 8. Therefore, any additional claims alleged by Plaintiff, and not dismissed above, will be dismissed without prejudice for failure to comply with Rule 8. See Purveegiin, U.S. Dist. LEXIS 6409, at *7 (dismissing pro se complaint because pleading alleged that a wrong occurred, but did not plead any of the facts giving rise to injury, and therefore, did not provide adequate notice).

9

Further, Plaintiff's complaint, asserting claims against both the State Defendants and Patriot Media, attempts to join Defendants in contravention of Federal Rule of Civil Procedure 20. Rule 20(a) states: "All persons . . . may be joined in one action as defendants if there is asserted against them jointly . . . arising out of the same transaction, occurrence or series of transactions or occurrences. . . and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff's claims against the State Defendants allege that Plaintiff's constitutional rights were violated during several unrelated state court proceedings. (See Sked Cert. Exhibit A at 1-5 (Excerpts from Plaintiff's website, http:www.inmendham.com/NJ/cases.html, listing and describing the various cases filed by Plaintiff and their outcome).) Plaintiff's claims against Patriot Media, however, arise out of a denial by Patriot Media to provide Plaintiff with access to a local cable access channel. (Compl. at 2.) Here, quite clearly Plaintiff's claims against the State Defendants and Patriot Media do not arise out of the same transaction or occurrence nor do they share the same facts or laws at issue. Therefore, allowing Plaintiff's claims to proceed as plead in the complaint would result in misjoinder under Rule 20. As such, all claims against Defendants will be dismissed without prejudice.

**II.     Plaintiff's Two Motions For Leave To Amend**

Plaintiff has pending two motions for leave to amend his complaint. Plaintiff's first motion seeks to amend his complaint to include the West Morris Central High School Board of Education ("Board of Education"). Plaintiff alleges that the Board of Education violated his constitutional rights by refusing to read questions submitted by

Plaintiff at a school board meeting and preventing Plaintiff's participation in a veterans' memorial to be erected at the local high school.  (Pl.'s Mot. to Amend. I at ¶¶ 3-7 [docket #29].)  Plaintiff's second motion seeks to add claims against the Township of Mendham ("Township"), Borough of Mendham ("Mendham"), Mayor Richard Kraft ("Mayor Kraft"), and current Borough council members ("Council Members").  Plaintiff alleges that the Township and Borough violated his constitutional rights by denying Plaintiff access to documents and other public facilities.  (Pl.'s Mot. To Amend. II at ¶¶ 13-14 (Oct. 30, 2006) [docket # 22].)  Plaintiff also alleges his constitutional rights were violated by Mayor Kraft and the Council Members by their approval of a cable channel inter-local agreement.  (Pl.'s Mot. To Amend. II at ¶¶ at 15-24 (Oct. 30, 2006).)  Plaintiff's claims against the Board of Education, Township, Borough, Mayor Kraft, and Council Members do not arise out of the same transactions or occurrences as any of the claims set forth in Plaintiff's first amended complaint.  Nor do these claims share common facts or laws at issue with the claims plead in the original complaint.  Quite simply, these new claims do not relate in any way whatsoever to Plaintiff's original complaint.  (See, e.g., Pl.'s Mot. To Amend I at ¶ 3 (conceding that new claims are not directly relevant to the matters already before the court).)  Therefore, because Plaintiff's two proposed amendments fail to satisfy the permissive joinder requirements of Federal Rule of Civil Procedure 20, Plaintiff's motions to amend will be denied.

## CONCLUSION

For the above stated reasons, the State Defendants' motion to dismiss [docket #16] is **GRANTED**.  All constitutional claims against the State Defendants are

**DISMISSED WITH PREJUDICE** and all other conceivable claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**. Patriot Media's motion to dismiss [docket #24] is also **GRANTED**. Plaintiff's 47 U.S.C. § 531(e) and 42 U.S.C. § 1983 claims against this Defendant are **DISMISSED WITH PREJUDICE** and all other conceivable claims against this Defendant are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motions to amend [docket #22, 29] are **DENIED**.

    s/ Stanley R. Chesler

Stanley R. Chesler, U.S.D.J.

Dated: April 9, 2007